IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| GLOBE COTYARN PVT. LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:22CV79 |
| | ) | |
| AAVN, INC., and ARUN AGARWAL, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiff Globe Cotyarn Pvt. Ltd. ("Globe") initiated this declaratory judgment action on January 31, 2022, against Defendants AAVN, Inc. ("AAVN") and Arun Agarwal, the president and sole director of AAVN. (ECF Nos. 1 & 20.) Globe asks this Court to declare that ten of AAVN's patents are invalid and unenforceable, as well as that Globe has not infringed on six of those ten patents. (ECF No. 20 ¶ 1.) Before the Court is Defendants' Motion to Dismiss the Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 22.) For the reasons stated herein, Defendants' motion will be granted.

**I.  BACKGROUND**

Globe is an Indian company that manufactures textile products, including bed sheets, which it imports to the United States and resells to retailers. (ECF No. 20 ¶¶ 2–3.) Arun Agarwal is the president of AAVN, a Texas company, which develops, designs, imports, sells,

and distributes textiles, including bedsheets, to resellers and retailers in the United States. (*Id.* ¶ 5.) AAVN is the owner/assignee of the ten patents at issue here (the "patents-in-suit"), all of which were invented by Agarwal. (*Id.* ¶¶ 16–41.) Those patents are as follows:

- U.S. Patent No. 9,131,790 ("the '790 Patent");
- U.S. Patent No. 9,481,950 ("the '950 Patent");
- U.S. Patent No. 9,493,892 ("the '892 Patent");
- U.S. Patent No. 9,708,737 ("the '737 Patent");
- U.S. Patent No. 10,066,324 ("the '324 Patent");
- U.S. Patent No. 10,443,159 ("the '159 Patent");
- U.S. Patent No. 10,472,744 ("the '744 Patent");
- U.S. Patent No. 10,808,337 ("the '337 Patent");
- U.S. Patent No. 11,168,414 ("the '414 Patent"); and
- U.S. Patent No. 11,225,733 ("the '733 Patent").

(ECF Nos. 20-1 through 20-10.) The patents-in-suit all relate to and describe processes for manufacturing woven textile with a "proliferated" or high thread count. (*See id.*) Globe has not obtained any licenses to the patents-in-suit. (ECF No. 20 ¶ 56.)

According to Globe's First Amended Complaint, "AAVN has a pattern of aggressively enforcing its patents by initiating patent infringement suits, among other enforcement activities." (*Id.* ¶ 57.) Notwithstanding these alleged enforcement activities by AAVN, Globe plans to continue selling its products in North Carolina and fears that AAVN will accuse Globe and its customers of infringing the patents-in-suit based on AAVN's past behavior. (*Id.* ¶¶ 70–71.) Globe brings the present action requesting that this Court declare ten of AAVN's patents invalid and unenforceable and declare that Globe has not infringed on six of those ten patents. (*Id.* ¶ 1.)

2

AAVN moves to dismiss Globe's claims arguing that (1) "[Globe's] claims are barred under the doctrine of *res judicata* in that they arise out of the same core of operative facts as were at issue in prior litigation Globe filed in the United States District Court for the Southern District of New York"; and (2) that "[Globe's] Amended Complaint reveals no actual, substantial, and immediate controversy between Plaintiff and Defendants." (ECF No. 22 at 1–2.) Because AAVN's second argument "that no actual case or controversy exists here" implicates this Court's subject-matter jurisdiction, the Court must address it first.

## II. STANDARD OF REVIEW

Under Rule 12(b)(1), a party may seek dismissal based on the court's lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Subject-matter jurisdiction is a threshold issue that relates to the court's power to hear a case and must be decided before a determination on the merits of the case. *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 479–80 (4th Cir. 2005). A motion under Rule 12(b)(1) raises the question of "whether [the claimant] has a right to be in the district court at all and whether the court has the power to hear and dispose of [the] claim." *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). A court should grant a motion to dismiss for lack of subject-matter jurisdiction "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

3

"For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party." *Warth v. Seldin*, 422 U.S. 490, 501 (1975); *see also Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). "The party invoking federal jurisdiction bears the burden of establishing standing." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 411–12 (2013)).

## III. DISCUSSION

Globe brings this action pursuant to the Declaratory Judgment Act (the "Act") which provides that, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201(a). A case or controversy in the Act is limited to the types of cases or controversies that are actionable under Article III of the Constitution. *3M Co. v. Avery Dennison Corp.*, 673 F.3d 1372, 1376 (Fed. Cir. 2012). Thus, a district court cannot grant declaratory relief unless an "actual controversy" exists. *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 272 (1941). As earlier stated, AAVN contends that Plaintiff's Amended Complaint reveals no actual, substantial, and immediate controversy between the parties and therefore this action lacks subject-matter jurisdiction.

Federal Circuit law governs whether an actual controversy exists under the Act when, as here, the underlying merits of an action involve patent infringement and/or validity. *Microchip Tech. Inc. v. Chamberlain Grp., Inc.*, 441 F.3d 936, 940 (Fed. Cir. 2006). The burden is on the party claiming declaratory judgment jurisdiction to establish that a case or controversy existed at the time the claim for declaratory relief was filed. *King Pharms., Inc. v. Eon Labs, Inc.*,

4

616 F.3d 1267, 1282 (Fed. Cir. 2010) (citing *Benitec Austl., Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007)). For there to be a case or controversy under the Act, a plaintiff must show that considering all of the circumstances the dispute is "'definite and concrete, touching the legal relations of the parties having adverse legal interests'; and that it be 'real and substantial' and 'admi[t] of specific relief through decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical set of facts.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41 (1937)). Further, the plaintiff must show that the controversy is "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Md. Cas. Co.*, 312 U.S. at 273. "The difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree . . . ." *Id.*

In its response to Defendants' motion to dismiss, Globe claims that it has "alleged sufficient facts to create subject matter jurisdiction through a substantial controversy of sufficient immediacy and reality" and that its Complaint demonstrates "allegations of actual infringement, AAVN's aggressive patent enforcement strategy, and Globe's reasonable apprehension of suit." (ECF No. 24 at 5.)

First, Globe asserts that this Court has subject-matter jurisdiction because "AAVN sued Globe [in 2015] for products that Globe continues to produce and sell today." (*Id.* at 7–8.) Here, Globe cites *3M Co. v. Avery Dennison Corp.*, 673 F.3d at 1379, for the proposition that "if 'a party has actually been charged with infringement of the patent, there is, *necessarily*, a case or controversy adequate to support declaratory judgment jurisdiction.'" (*Id.* at 7.)

5

Second, in its Amended Complaint, Globe provides the following as examples of AAVN's "aggressive enforcement activities": Globe alleges that in 2015, AAVN filed at least seven patent infringement actions alleging infringement of the '790 Patent. (ECF No. 20 ¶ 58.) Of those seven infringement actions, AAVN filed one infringement action against Globe (along with several other defendants), as well as a parallel complaint in the International Trade Commission ("ITC"), both related to its '790 Patent. (*Id.* ¶¶ 58–59.) Notably, in 2016, AAVN's infringement action against Globe was voluntarily dismissed and "subsumed" into the parallel ITC proceeding. (ECF Nos. 24-1 at 2; 25 at 5.) In March 2017, the ITC proceeding concluded. (ECF No. 25-1 at 9.) The ITC made no finding concerning the validity of the '790 Patent or whether any of the defendants infringed the '790 Patent, but it did issue a General Exclusion Order prohibiting the importation of products "falsely advertised through misrepresentation of thread counts." (*Id.* at 7–9.)

Further, according to Globe, "since the patent enforcement litigation relating to the '790 Patent, AAVN has continued to enforce the Patents-in-Suit through patent enforcement letters and other communications." (ECF No. 20 ¶ 72.) Globe asserts that "[o]n information and belief, AAVN and/or AAVN's agents have sent patent enforcement letters and other communications relating to the Patents-in-Suit to Globe's customers and to retailers." (*Id.* ¶ 73.) Globe maintains that these communications by AAVN "allege that Globe's cotton-polyester bedsheet products infringe at least one of the Patents-in-Suit" and "threaten legal action arising from continued sales of Globe's cotton-polyester products." (*Id.* ¶¶ 74–75.) Globe's Amended Complaint does not provide any date on which these alleged communications occurred, nor does Globe attach any exhibits of such letters. Though it is

unclear from the Complaint, it appears all communications occurred in 2018 or earlier. (*Id.* ¶¶ 71–75.)

In addition, Globe references "other enforcement, negotiations, and licensing activities" by AAVN, as outlined in paragraphs 77 and 81–87 of the Amended Complaint, which according to Globe, demonstrate a pattern of aggressive action by AAVN. (ECF No. 24 at 9.) Globe asserts that AAVN has "repeatedly sought to enforce at least one of the Patents-in-Suit against AQ," an entity to which Globe sells its bedsheets, via "litigation in the federal courts and ITC between 2015 and 2018." (ECF No. 20 ¶¶ 68–69, 81.) Globe further maintains that "[o]n information and belief," AQ ultimately acquired a nonexclusive license to the patents-in-suit. (*Id.* ¶¶ 83–85.)

The third and last argument by Globe in support of its assertion of subject-matter jurisdiction is that its apprehension of suit by AAVN is objectively reasonable. (ECF No. 24 at 10.)

In response, AAVN argues that Globe's Amended Complaint amounts to only a "conclusory allegation that subject-matter jurisdiction exists" as "Globe fails to identify a single statement or recent allegation from Defendants accusing Globe of infringing any of the Patents-in-Suit." (ECF No. 23 at 10–11.) Specifically, AAVN argues that Globe's alleged injury is conjectural and that Globe's Amended Complaint is premised on the "belie[f] and fear[] that AAVN *will accuse* Globe and its customers of infringing the Patents-in-Suit based on its past enforcement activities." (*Id.* at 11.)

AAVN further counters that "Globe's support for this potential dispute relates to a suit filed *seven years ago* in which Globe was never served and that AAVN voluntarily

7

dismissed." (ECF No. 25 at 1.) AAVN also argues that "[n]either Globe's Amended Complaint or its Response identifies a single instance in which the Patents-in-Suit have been asserted against any party in the last four years." (*Id.*)

The Court agrees with AAVN. Globe's argument hinges, in large part, on the various infringement actions filed by AAVN in 2015—only one of which was against Globe—as well as the patent enforcement letters and other communications threatening legal action to Globe's customers, all between 2015 through 2018. Based on its Amended Complaint, it does not appear that Globe alleges *any* "aggressive enforcement activity"—letters or otherwise—after 2018. Even if the letters and communications referenced by Globe did occur after 2018,[1] they would be insufficient to confer subject-matter jurisdiction. Globe's allegations in the Amended Complaint are entirely conclusory and reference unidentified enforcement letters based on information and belief. Globe fails to identify any statement or recent allegation by AAVN accusing Globe of infringing any of the patents-in-suit or any other specific enforcement activity. To the contrary, it was Globe that brought suit against AAVN in the Southern District of New York in 2018.[2] Notably, AAVN raised no counterclaims for

---

[1] In the Amended Complaint, Globe does not provide any specific dates as to these letters and communications. The year 2018 is the latest date referenced as to any enforcement letter by AAVN. (ECF No. 20 ¶ 86.) Nor does Globe dispute AAVN's characterization of the Amended Complaint that "Globe's allegations presumably relate to the same April 2018 emails at issue in the New York Action" because AAVN has "not sent any letters alleging patent infringement since that time." (ECF No. 23 at 12 n.4.)

[2] In 2018, Globe filed suit against AAVN in the Southern District of New York, alleging that AAVN communicated with Globe's customers that Globe was selling products infringing on AAVN's patents. (ECF No. 23-1 at 11.) Globe claimed that AAVN's communications were made in "bad faith" because AAVN "had no reasonable basis to believe" that any Globe products were infringing. (*Id.* at 12.) Globe also alleged that AAVN was aware of prior art that invalidated its patents rendering them unenforceable. (*Id.* at 10–11.) Based on these allegations, Globe raised claims for false advertising under Section 43(a) of the Lanham Act, among other violations of New York law. (*Id.* at 15–19.) Globe's claims were ultimately dismissed on August 10, 2020. *Globe Cotyarn Pvt. Ltd. v. Next Creations Holdings LLC*, No. 180-CV-04208, 2020 WL 4586892, at *8 (S.D.N.Y. Aug. 10, 2020).

8

infringement in that action. Any reasonable apprehension by Globe which may have been caused by AAVN's previous conduct has undoubtedly "diminish[ed] over time." *See Sierra Applied Scis., Inc. v. Advanced Energy Indus., Inc.*, 363 F.3d 1361, 1374 (Fed. Cir. 2004).

The Court thus finds Globe's alleged injury to be based on a subjective, speculative fear, incapable of giving rise to an actual case or controversy. The Federal Circuit has underscored that "a case or controversy must be based on a *real* and *immediate* injury or threat of future injury that is *caused by the defendants* — an objective standard that cannot be met by a purely subjective or speculative fear of future harm." *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1339 (Fed. Cir. 2008). "Rather than a purely subjective fear or the mere existence of a potentially adverse patent alone, the alleged injury at the root of most justiciable declaratory judgment controversies in the patent context is a 'restraint on the free exploitation of non-infringing goods,' or an imminent threat of such restraint." *Id.* (quoting *Caraco Pharm. Lab'ys, Ltd. v. Forest Lab'ys, Inc.*, 527 F.3d 1278, 1291 (Fed. Cir. 2008)). No such restraint or imminent threat of restraint, or any affirmative act by AAVN, is present here.

Nor is the Court persuaded by Globe's reliance on *Micron Technology, Inc. v. Mosaid Technologies., Inc.*, 518 F.3d 897 (Fed. Cir. 2008). In that case, the Federal Circuit reversed a dismissal of a declaratory judgment action for lack of subject-matter jurisdiction, even though the patent holder's most recent letter to the plaintiff was four years before the suit was filed. *Id.* at 900–01. However, contrary to the case here, "threatening letters and behavioral observations [we]re not [the plaintiff's] only evidence about the authenticity of this dispute." *Id.* at 901.

The Federal Circuit in *Micron* pointed to the patent holder's "recent public statements and annual reports" made since the patent holder's threatening letters, which "confirm[ed] its intent to continue an aggressive litigation strategy" and thus "support[ed] a real and substantial dispute." *Id.* In the present case, Globe has not alleged that AAVN has made any similar threatening statements or reports in the time period since 2018. Also distinguishing *Micron* is the fact that, just one day after the filing of plaintiff's declaratory judgment action in that case, the patent holder filed an infringement action in a different district court. *Id.* at 900–01. When looking at that set of facts "under all the circumstances," the Federal Circuit found there was "a substantial controversy between parties with adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* at 902.

Considering all the circumstances here, as detailed above, the Court does not find a substantial controversy between parties with adverse legal interests with sufficient immediacy and reality to warrant the issuance of a declaratory judgment. The Federal Circuit has made clear that "a communication from a patent owner to another party, merely identifying its patent and the other party's product line, without more, cannot establish adverse legal interests between the parties, let alone the existence of a 'definite and concrete' dispute." *Hewlett–Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1362 (Fed. Cir. 2009). The time which has lapsed since any enforcement activity by AAVN, as well as the lack of allegations of any communications or representations by AAVN suggesting such activity in the intervening time, are insufficient to establish a real, immediate controversy between parties. Globe's conclusory allegations referring to enforcement actions by AAVN—whether before or after 2018—are insufficient to confer subject-matter jurisdiction. Such allegations by Globe lack sufficient

factual support and fail to identify any statement or recent communication by AAVN accusing Globe of infringing any of the patents-in-suit.

Accordingly, the Court will grant AAVN's motion to dismiss for want of subject-matter jurisdiction. As a result, the Court need not address AAVN's other argument under Rule 12(b)(6) that Globe's claims "were or should have been brought" in the Southern District of New York action and thus barred by res judicata.

For the reasons stated herein, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss, (ECF No. 22), is **GRANTED** and this case is **DISMISSED**.

A Judgment will be filed contemporaneously with this Memorandum Opinion and Order.

This, the 28th day of March 2023.

/s/ Loretta C. Biggs
United States District Judge